UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES D. BOND, JR.,

    Plaintiff,

v.      CAUSE NO.: 3:18-CV-792-RLM-MGG

BEACON HEALTH SYSTEM, et al.,

    Defendants.

OPINION AND ORDER

James D. Bond, Jr., a prisoner without a lawyer, filed a complaint against Beacon Health System, the St. Joseph County Jail, and the State of Indiana. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Bond alleges that he suffers from high blood pressure and had a prescription for blood pressure medication before his incarceration at the St. Joseph County Jail. On August 6, 2018, a nurse provided Mr. Bond only

a partial dosage of his blood pressure medication. The next day, Mr. Bond received none of his blood pressure medication, and he began to feel light-headed and chest pain. Medical staff measured his blood pressure and gave him three pills of nitroglycerin, which was ineffective. Medical staff then called an ambulance, and Mr. Bond was taken to the hospital, where he stayed for two days. The hospital staff prescribed him more blood pressure medication and told him he had high blood pressure and was at risk of having a stroke. Since Mr. Bond's return to the jail, he has experienced delays with blood pressure medication, blood pressure measurements, and cardiologist appointments.

Mr. Bond asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Beacon Health System, which is a corporate entity. A corporate entity "cannot be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporate entity can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." Johnson v. Cook Cty., 526 F. App'x 692, 695 (7th Cir. 2013). Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Because Mr. Bond hasn't alleged a corporate policy or practice that

2

caused the improper medical treatment alleged in the complaint, he doesn't state a claim against Beacon Health System upon which relief can be granted.

Mr. Bond also asserts claims against the St. Joseph County Jail and the State of Indiana. Though the events described in the complaint night have occurred at the jail, the jail is a physical location, not a person or policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. See Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, the Eleventh Amendment bars citizens from suing state governments. Meadows v. State of Ind., 854 F.2d 1068, 1069 (7th Cir. 1988). Though states are permitted to waive Eleventh Amendment immunity, the State of Indiana hasn't done so. Id. Because the St. Joseph County Jail and the State of Indiana aren't suable entities, Mr. Bond can't proceed on claims against them.

Nevertheless, the court will allow Mr. Bond to file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the jail law library. On the amended complaint, Mr. Bond must put the cause number of this case which is on the first page of this order.

As a final matter, Mr. Bond hasn't resolved his filing fee status. To proceed with this case, he must either immediately pay the filing fee in full or file a motion for leave to proceed in forma pauperis. If he choose to file a motion for leave to proceed in forma pauperis, he should request this court's form motion from the law library and file it with his trust fund ledgers for the last six months attached.

For these reasons, the court grants James D. Bond, Jr., until October 26, 2018, to file an amended complaint and to resolve his filing fee status. If he doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on October 1, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT