UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES D. BOND, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-792-RLM-MGG |
| BEACON HEALTH SYSTEM, et al., | |
| Defendants. | |

OPINION AND ORDER

James D. Bond, Jr., a prisoner without a lawyer, filed a complaint against Nurse Lynn and Judy Lawson. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Bond alleges that he suffers from high blood pressure and had a prescription for blood pressure medication before his incarceration at the St. Joseph County Jail. On August 6, 2018, he was provided with only a partial dosage of his blood pressure medication. The next day, he received none

of his blood pressure medication, and he began to feel light-headed and chest pain. In response, Nurse Lynn, the head nurse at the jail, measured his blood pressure and gave him three pills of nitroglycerin, which was ineffective. Medical staff then called an ambulance, and Mr. Bond was taken to the hospital, where he stayed for two days. The hospital staff prescribed him additional blood pressure medication and told him that he had high blood pressure and was at risk of having a stroke. Since Mr. Bond's return to the jail, he has experienced delays with blood pressure medication, blood pressure measurements, and cardiologist appointments. Mr. Bond has informed Warden Judy Lawson of these medical issues, but she refuses to respond. Based on these allegations, Mr. Bond seeks money damages.

Mr. Bond asserts an Eighth Amendment claim of deliberate indifference to serious medical needs. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Because the allegations, which must be taken as true at this point in the litigation, suggest that the defendants disregarded his need for treatment for high blood pressure, the complaint states a plausible claim of deliberate indifference against them.

For these reasons, the court:

(1) GRANTS James D. Bond, Jr., leave to proceed against Nurse Lynn and Judy Lawson for money damages on an Eighth Amendment claim of deliberate indifference to his need for medical treatment for high blood pressure;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse Lynn and Judy Lawson at the St. Joseph County Jail with a copy of this order and the amended complaint (ECF 11) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Lynn and Judy Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which James D. Bond, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on November 29, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT